IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| Marietta Campbell Insurance Group, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED[*] ORDER** |
| | ) | **TRANSFERRING CASE** |
| vs. | ) | |
| | ) | Civil File No. 2:07-cv-32 |
| Jefferson-Pilot Life Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant's Motion to Dismiss, Transfer, or Stay (Doc. #4). In light of a similar pending action in the District of Minnesota, Defendant seeks dismissal of the instant case. Alternatively, Defendant seeks transfer of this matter to the District of Minnesota or a stay of these proceedings pending resolution of that suit. Plaintiff opposes the motion (Doc. #11).

## FACTS

The parties agree on the underlying facts of this case. In September, 2005, Jefferson-Pilot, a North Carolina company, issued a policy of life insurance ("the Policy") to Marietta Campbell of Grafton, North Dakota. The Policy's initial beneficiary was the Estate of Marietta Campbell. On April 11, 2006, a beneficiary change request was processed, changing the beneficiary to Marietta Campbell Insurance Group, LLC, a Minnesota limited liability company.

Mrs. Campbell died on April 2, 2006, and Jefferson-Pilot was advised of her death on April 13, 2006. Because Mrs. Campbell's death occurred within two years of the date of the Policy, Jefferson-Pilot began a routine investigation, in accordance with the incontestable

---

[*]The "Facts" have been slightly modified to better conform with the Statement of Material Facts as to Which There is No Genuine Issue to be Tried (Doc. #9).

provision of the Policy, to confirm the accuracy of the information given by Mrs. Campbell on her policy application.  During the investigation, Jefferson-Pilot came to believe that information provided by Marietta Campbell on the application was false and misleading.  Specifically, Jefferson-Pilot accused Campbell of failing to disclose that on June 27, 2005, the same day she signed the application for the Jefferson-Pilot policy, she also allegedly applied for policies of life insurance from Allianz Life, The Hartford Life and Annuity Company, and Lincoln Benefit Life Company.  The total amount of life insurance benefits applied for from all companies on Marietta Campbell's life was fourteen million dollars ($14,000,000.00).

Following, Jefferson-Pilot notified Campbell (by a letter to Tom Campbell, one of Mrs. Campbell's sons and the executor of her estate) that the Policy was issued in reliance upon material misrepresentations and thus should be rescinded. Along with this notice letter, Jefferson-Pilot sent a check returning the amount of the premium paid, plus interest.  Campbell disagreed that material misrepresentations had been made and did not accept this check.  Instead, an attorney representing Campbell returned the check to Jefferson-Pilot.

Jefferson-Pilot subsequently brought an action for rescission of the Policy and a declaration the Policy is void. Jefferson-Pilot's action was filed February 27, 2007 and is pending in federal district court in Minnesota.  One day earlier, on February 26, 2007, and unknown to Jefferson-Pilot when it filed its action, Plaintiff Campbell served Jefferson-Pilot (by substituted service upon the North Dakota Department of Insurance) with a copy of a summons and Plaintiff's complaint commenced in the Grand Forks County, North Dakota, District Court.  Campbell did not file its action. Campbell's complaint alleges that Jefferson-Pilot issued the Policy upon the life of Marietta Campbell, that Marietta Campbell died on April 2, 2006, and that Plaintiff demands payment of the death benefit amount, or three million dollars.  On March

16, 2007, Jefferson-Pilot removed Campbell's state court action to this Court based upon diversity jurisdiction. This action and the one pending in Minnesota involve the same issues and largely the same parties.  By all accounts, discovery in the Minnesota case is proceeding, and there is no corresponding motion to dismiss, transfer, or stay that action.

## DISCUSSION

It is well established that "in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"  Northwest Airlines, Inc., v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993) (citing Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985)).  This has generally been called the "first to file" rule, Orthmann, 765 F.2d at 121 (citing Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982), but this "rule" is not intended to be inflexible.  U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990).  It is actually a "factor" that, absent compelling circumstances, will determine which of two parallel federal actions will proceed.  Smart v. Sunshine Potato Flakes, L.L.C., 307 F.3d 684, 687 (8th Cir. 2002) (citing U.S. Fire Ins. Co., 920 F.2d at 488.

Here, the parties agree that the first to file rule applies:  Both actions were filed properly in federal district court; there is no indication that either court lacks jurisdiction over the subject matter or the parties; and the parties, factual background, and legal questions involved are virtually identical.  Where the parties' positions diverge is in determining whether the Minnesota or North Dakota Federal District Court was the "first court in which jurisdiction attached."  Although it is undisputed that the Minnesota action was filed first, on February 27, 2007, the North Dakota action was served first, on February 26, 2007, by substitute service upon the North

Dakota Department of Insurance.[**]  The Defendants argue that because they filed first, the Minnesota action has priority. Plaintiffs disagree, arguing that jurisdiction attached in North Dakota with the service of the complaint, giving this action priority.

The Eighth Circuit has not clearly and specifically stated what constitutes "attachment" of jurisdiction. However, it is implied that it is the filing, not service, of a complaint that results in the attachment of jurisdiction. In Orthmann, the Eighth Circuit Court of Appeals relied on a Tenth Circuit case, Hospah, in establishing the general rule of "first to file." Hospah plainly states that jurisdiction attaches at the time of filing of a complaint. 673 F.2d at 1163. Moreover, in other Eighth Circuit cases, the Court repeatedly references "filing" rather than "service" in opinions applying the "first to file" rule. See Northwest Airlines, Inc., 989 F.2d 1002. Such differentiation in the Court's lexicon, though not controlling, has been observed by this Court:

> Most courts consider the filing of an action to be the event that determines priority under the "first to file rule." The Eighth Circuit has yet to directly address the issue. However, when discussing the "first to file" rule, it has referenced the date of filing as opposed to the date of service.

Williston Basin Interstate Pipeline Co. v. Sheehan Pipe Line Constr. Co., 316 F.Supp.2d 864 (D.N.D. 2004) (internal citations omitted). Therefore, consistent with the previous decisions of this Court and the available Eighth Circuit precedent, the Minnesota action was the "first to file."

As discussed, the "first to file rule" is not alone controlling but is a factor in a greater analysis. See Smart, 307 F.3d at 687. "Compelling circumstances" could result in this action

---

[**]It appears this one-day difference is coincidental. Neither party has alleged a "race to the courthouse" or other such conduct.

being given priority.  Northwest Airlines, Inc., 989 F.2d at1004.  Here, no compelling circumstances have been alleged.  Furthermore, the parties have agreed the "first to file" action has priority.  Therefore, the end result is unchanged.

The Court is cognizant that it has the discretion to dismiss this case.  However, a transfer is more appropriate.  Generally, when considering a motion to transfer, a court considers the convenience of parties, the convenience of witnesses, and the interests of justice.  Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir. 1997).  Here, parties and their representatives, as well as witnesses, reside in both states.  Travel may be slightly more affordable and flexible in and out of Minnesota due to its larger metropolitan areas, but overall, the convenience of parties and witnesses appears to be more or less equal in either forum.  The interests of justice, however, strongly support transfer of the case to the District of Minnesota.  The parallel Minnesota action has proceeded beyond the initial stages.  Discovery is ongoing.  Marietta Campbell, the defendant in that action, has not moved for transfer or stay of the Minnesota case.  By all accounts, it appears the parties have elected to proceed in Minnesota without objection.  Proceeding with this action, or even staying this action pending resolution of the action in Minnesota, is a poor use of judicial resources and does not appear to be in the best interests of either party.

## DECISION

For the above reasons, the motion to dismiss is **DENIED.**  The motion to transfer is **GRANTED.**  This action shall be transferred to the District of Minnesota.  The motion to stay is **MOOT.**

**IT IS SO ORDERED.**

Dated this 26th day of October, 2007.

                      /s/  Ralph R. Erickson
                    Ralph R. Erickson, District Judge
                    United States District Court